```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

```
JARVIS ROBINSON, Individually   )
and on behalf of the Heirs at   )
Law of JEFFREY ROBINSON,        )
deceased,                       )
                                )
     Plaintiff,                 )
                                )
v.                              )
                                )    No. 02-2878 Ml/P
MARK LUCAS, JEFFREY SIMCOX,     )
and ALBERT BONNER,              )
                                )
     Defendants.                )
                                )
```
_____

### ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL
_____

Before the Court is Defendants' Motion Pursuant to Rule 59 for a new trial and/or to amend the judgment, filed August 4, 2005. Plaintiff responded in opposition on August 22, 2005. For the reasons set forth below, Defendants' motion is DENIED.

**I. Background**

This case arose out of events surrounding the execution of a search warrant at a residence in Memphis, Tennessee, on July 30, 2002, by members of Memphis Police Department's Vice Narcotics Unit. The Unit included defendant police officers Lucas, Simcox, and Bonner. During the execution of the search warrant, Defendant Lucas shot Jeffrey Robinson ("Robinson"), Plaintiff's father and a resident of the house, in the left cheek. The bullet lodged in Robinson's spinal column and paralyzed him from

the shoulders down.  Robinson died of his injuries several weeks later.

At trial, Plaintiff alleged that Robinson was asleep in his bedroom, unaware that the police were in his residence until Lucas kicked open the bedroom door.  At this point, Robinson awoke, rose from his bed, and reached toward a chair next to his bed for his clothes.  According to Plaintiff, Lucas shot Robinson without warning or justification and he, Simcox, and Bonner then tried to cover up Lucas' actions by planting a box cutter near Robinson and falsely arresting Robinson for aggravated assault and possession of marijuana.

Defendants maintained at trial that their actions were proper.  Lucas testified that before he entered Robinson's bedroom, he could hear people inside, and he instructed them to open the door.  When they did not, Lucas kicked open the door, at which point he saw Robinson come from behind the door holding what appeared to be a knife.  When Robinson failed to drop the knife on Lucas' order, Lucas fired one shot as he backed out of the room.  Lucas and Defendant Simcox entered the room and found Robinson on the floor.  When they rolled over Robinson's body, a box cutter fell to the floor.

A jury trial was held in this matter on September 29-30; October 1, 4-6, and 12-15, 2004.  On October 15, 2004, the jury rendered its verdict and found (1) Lucas liable for using

excessive force against Robinson under 42 U.S.C. § 1983 and awarded $1,248,056.12 in compensatory damages on this claim; (2) Bonner liable for falsely arresting Robinson under § 1983 and awarded $50,000.00 in compensatory damages on this claim; (3) Lucas, Simcox, and Bonner liable for falsifying evidence against Robinson under § 1983 and awarded $10,000.00 in compensatory damages against Simcox on this claim; and (4) Lucas, Simcox, and Bonner liable for outrageous conduct under Tennessee law.[1]  The jury also found that the actions of Lucas, Simcox, and Bonner were intentional, reckless, malicious, or fraudulent and awarded punitive damages in the amount of $1,500,000.00 against Lucas, $15,000.00 against Simcox, and $75,000.00 against Bonner.

## II. Standard

Federal Rule of Civil Procedure 59(a) provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...." Fed. R. Civ. P. 59(a).  The authority to grant a new trial under Rule 59 rests within the discretion of the trial court.  Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980); Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).  "[A] new trial is warranted when a jury has reached a seriously erroneous result . . . ." Strickland v.

---

[1] A fourth defendant, Lieutenant Anthony Berryhill, was not found liable on the false arrest, falsification of evidence, or outrageous conduct counts.

3

Owens Corning, 142 F.3d 353, 357 (6th Cir. 1998). A "seriously erroneous result" is evidenced by: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, 78 F.3d 1041, 1045-46 (6th Cir. 1996). In Strickland, the Sixth Circuit explained the procedure a trial court should follow in ruling on a motion for a new trial:

> [I]n ruling upon a motion for a new trial based on the ground that the verdict is against the weight of the evidence, the trial court must compare the opposing proofs, weight the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. It should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable.

142 F.3d at 357 (quoting J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 (6th Cir. 1991)).

**III. Analysis**

Defendants contend that numerous errors pertaining to the admission of evidence, the conduct of the Court and opposing counsel, and the jury instructions entitle them to a new trial under Fed. R. Civ. P. 59. Plaintiff argues that none of these alleged errors merit a new trial. The Court agrees.

Defendants first argue that the Court made twenty-seven erroneous evidentiary rulings. The Court has reviewed these

rulings, and finds Defendants' objections to be without merit. A district court may order a new trial if it has "improperly admitted evidence and a substantial right of a party has been affected." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989). As the Sixth Circuit has explained, however, "even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." Morales v. American Honda Motor Co., Inc., 151 F.3d 500, 514 (6th Cir. 1998)(citations omitted). Even if the Court had come to the opposition conclusion regarding the allegedly erroneous admission or exclusion of evidence at trial, the outcome of the trial would not have changed. Moreover, none of the evidentiary rulings to which Defendants cite—taken individually or as a whole—affected the substantial rights of a party in this case, and a new trial is not required.

Defendants also allege that they are entitled to a new trial because the Court's adverse evidentiary rulings "inferred a bias against the Defendants to the jury." A jury's verdict should be set aside upon allegations of judicial bias "only if the record discloses the judge was actually biased or the judge's remarks projected the appearance of advocacy or partiality." Swans v. City of Lansing, 65 F. Supp. 2d 625, 641 (W.D. Mich. 1998). Further, "a jury's verdict should be disturbed because of

improper judicial comments only if the error was so prejudicial as to deny substantial justice to a party." Id. The record of the trial in this case reveals no improper comments by the Court or any other evidence of judicial bias. Defendants' claim is without any support in the record and does not merit further discussion.

Defendants next argue that Plaintiff's questioning of Officer Crutchfield[2] on direct examination with regard to whether she had discussed the trial with the Defendants prior to taking the stand "insinuated that the Defendants had improper contact with the witness outside of the Court." They further contend that the Court failed to address this "inappropriate insinuation" until the final jury instructions.[3] The Court has reviewed this testimony and notes that Plaintiff's counsel merely inquired whether Officer Crutchfield had spoken with Defendants and that

---

[2] Officer Crutchfield was a member of the team of officers who executed the search warrant at Robinson's residence.

[3] The Court instructed the jury regarding this testimony as follows:

> During the examination of Veronica Crutchfield, counsel asked if Officer Crutchfield spoke with Lucas, Berryhill, Bonner and/or Simcox about the case. Such a question is proper to show the relationship, if any, between the witness and the defendants and can be considered by you in that regard. You are instructed, however, that there is nothing improper in the defendants and Officer Crutchfield simply having a conversation or exchanging pleasantries, and you are not to draw any adverse inference from such an exchange.

(Tr. at 1739.)

nothing in the questioning implied wrongdoing on the part of the Defendants.  The Court thoroughly addressed Defendants' concerns about this testimony at sidebar and permitted further inquiry——outside the presence of the jury——to determine if Officer Crutchfield's contact with Defendants was improper.  Moreover, Defendants' counsel did not request a curative instruction; rather, he expressed "concern . . . that if you go forward with a curative instruction, you emphasize that these defendants may have done something improper[.]" (Tr. at 761.)  In sum, the Court finds no support in the record for Defendants' contention that Officer Crutchfield's testimony somehow "tainted" the jury.

   Defendants make two arguments with respect to Plaintiff's claim for intentional infliction of emotional distress or outrageous conduct.  First, Defendants contend that they "were unaware until the day of trial that this claim was going to be presented" and second, that there was no proof of severe mental injury sufficient to support the jury's finding of liability on this count.

   As to Defendants' first claim, the Court notes that Plaintiff's cause of action for outrageous conduct was pled in Plaintiff's original complaint and survived Defendants' motion for summary judgment.  Moreover, the factual basis for this claim was presented in the joint pre-trial order.  Any "surprise" that

Defendants may have experienced with regard to the inclusion of this cause of action did not affect Defendants' substantial rights and does not merit a new trial.

As to Defendants' second argument, the Court finds that the weight of the evidence supported the jury's finding that the false arrest and falsification of evidence by Lucas, Simcox, and Bonner constituted extreme and outrageous conduct. There are three elements of a cause of action for outrageous conduct under Tennessee law: (1)the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury. <u>Bain v. Wells</u>, 936 S.W.2d 618, 622 (Tenn. 1997). Under the third element, the mental injury must be "so severe that no reasonable [person] would be expected to endure it." <u>Miller v. Willbanks</u>, 8 S.W.3d 607, 615 (Tenn. 1999)(quotation omitted). "There is no perfect or exact legal standard by which to measure whether conduct is so extreme as to be intolerable." <u>Arnett v. Domino's Pizza I, LLC</u>, 124 S.W.3d 529, 539 (Tenn. Ct. App. 2003).

The evidence at trial showed that as a result of the alleged planting of evidence and false criminal charges against him, Robinson was confined to a small unairconditioned room in the jail ward where visits from his family were restricted and limited. The evidence also showed that Robinson was in great

8

pain and was depressed.  Robinson's mother further testified that he told her that he was hurting and scared and "can't go to jail like this" where there would be no one to take care of him.  (Tr. at 962.)  Defendants' claim that Robinson's mental distress was merely the result of his paralysis and not on account of his false arrest ignores the context of his ordeal.  Having reviewed the applicable standard, the parties' arguments, and the evidence at trial, the Court concludes that the jury's verdict finding Defendants Lucas, Simcox, and Bonner liable for their outrageous conduct was not against the weight of the evidence.

Defendants next argue that several aspects of the jury instructions were "in error."  Defendants fail to cite the nature of the errors with any specificity and do not point to any legal authority in support of their contentions.  The Court has reviewed the jury instructions in light of the record as a whole, and finds that they are supported by both the facts and the applicable law and thus do not constitute prejudicial or reversible error.

Finally, Defendants assert that Plaintiff's counsel made several improper and prejudicial statements during closing argument.  "The determination of the extent of permissible comment and argument by . . . counsel resides primarily in the sound discretion of the trial judge, [and] [t]he party seeking a new trial must make a concrete showing that the misconduct of


counsel consistently permeated the entire trial from beginning to end." Sutkiewicz v. Monroe County Sheriff, 110 F.3d 352, 361 (6th Cir. 1997)(citations omitted). Defendants have failed to show that Plaintiff's counsel's passing references to topics on which the Court had previously ruled that it would not instruct the jury constituted pervasive error that would have resulted in a different outcome in the trial.

## IV. Conclusion

The Sixth Circuit instructs that "[a] trial court should deny a motion for new trial 'if the verdict is one that reasonably could be reached[.]" Powers v. Bayliner Marine Corp., 83 F.3d 789, 796 (6th Cir. 1996). The assignments of errors advanced by Defendants in their motion for a new trial——even when considered as a whole——do not require a new trial in this case. The clear weight of the evidence supports the jury's verdict, and no miscarriage of justice occurred. Accordingly, Defendants' motion for a new trial is DENIED.[4]

SO ORDERED this 29th day of March, 2006.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[4] In addition to their motion for a new trial, Defendants also reassert their claims of qualified immunity. As the Sixth Circuit has explained, however, "[w]here, as here, the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." Sova v. City of Mt. Pleasant, 142 F.3d 898, 903 (6th Cir. 1998). Because the jury's verdict is supported by the weight of the evidence in this case, the Court will not revisit the issue of qualified immunity.