```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

```
JARVIS ROBINSON, individually   )
and on behalf of the heirs at   )
law of JEFFREY ROBINSON,        )
deceased,                       )
                                )
     Plaintiff,                 )
                                )
v.                              )   No. 02-2878 Ml/P
                                )
MARK LUCAS, JEFFREY SIMCOX,     )
and ALBERT BONNER,              )
                                )
     Defendants.                )
```
_____

**ORDER DENYING MOTION TO STRIKE MOTION FOR ATTORNEY FEES AND
ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND**
_____

Before the Court is Defendants' Motion to Strike Motion for Attorney Fees and All Attachments, filed April 28, 2006. Plaintiff responded in opposition on May 3, 2006. Also before the Court is Defendants' Motion for Extension of Time to Respond to Motion for Attorney Fees, filed May 7, 2006.

On March 30, 2006, the Court entered an Order Denying Defendants' Motion for a New Trial. On April 13, 2006, Plaintiff filed a Motion for Attorney Fees. The following day, the docketing clerk issued two Deficiency Notices to inform Plaintiff that the motion must be signed by counsel and that the memorandum, certificate of counsel, and affidavit must be filed as attachments to the original motion, not as separate documents. The filings were terminated and the notice instructed the filer

to correct the deficiency within one business day.  (See Deficiency Notices, Docket Nos. 251, 252.)  On April 24, 2006, eleven days later, Plaintiff re-filed the motion, with attachments, signed by counsel and Plaintiff.  (Docket No. 254.)

Defendants move to strike the re-filed motion for attorney fees pursuant to Federal Rule of Civil Procedure 54 because the corrected motion was filed more than fourteen days after the Court's order denying the motion for a new trial.  See Fed. R. Civ. P. 54(d)(2)("Claims for attorneys' fees and related non-taxable expenses . . . must be filed no later than 14 days after entry of judgment . . . ."); Miltimore Sales, Inc. v. Int'l Rectifier, Inc., 412 F.3d 685, 691 (6th Cir. 2005)("[A] motion for attorney fees filed pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) is timely if filed within fourteen days of the order disposing of the Rule 59(e) motion.")  They also move to strike the motion on the basis that it was filed ten days after entry of the deficiency notices.  Defendants contend that Plaintiff failed to move for permission to re-file the motion after the expiration of the deadline or to show "excusable neglect" for the untimely filing pursuant to Federal Rule of Civil Procedure 6(b).

The Court finds that Plaintiff has demonstrated excusable neglect for the failure to timely file the motion for attorney fees.  Plaintiff's attorneys, as well as their paralegal, have submitted detailed affidavits to the Court in which they describe

the series of inadvertent omissions and oversights that resulted in the procedurally defective and untimely filing.  Having reviewed all three affidavits, as well as Plaintiff's legal arguments, the Court concludes that Plaintiff has demonstrated excusable neglect, and thus good cause, for filing the corrected motion past the fourteen days prescribed in Rule 54.  The Court will accept the motion for attorney fees as timely filed, and Defendants' motion to strike is DENIED.  The Court GRANTS Defendants' motion for an extension of time to respond to the motion for attorney fees.  Defendants have until June 5, 2006, to file a response.

    So ORDERED this 15th day of May, 2006.

>/s/ Jon P. McCalla
>JON P. McCALLA
>UNITED STATES DISTRICT JUDGE